Kira N. Barrett (SBN: 029778)
J. William VanDehei (SBN: 035832)
**Clyde & Co Us LLP**
One North Central Avenue, Suite 1030
Phoenix, AZ 85004
Telephone:  +1 480 746 4580
Facsimile:   +1 480 746 4556
*Kira.Barrett@clydeco.us*
*William.VanDehei@clydeco.us*

*Attorneys for Defendants*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joseph Grace, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>Jose De la Torre and Jane Doe De la Torre, a married couple,<br><br>Defendants. | CASE NO.: 2:25-cv-01257-DWL<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT** |

Defendants Jose De la Torre and Sandy Ruiz, f/k/a Jane Doe De la Torre, (collectively, "De la Torre") hereby respond to Plaintiff's Complaint and admit, deny, and allege as follows:

## PARTIES, JURISDICTION, VENUE, AND TIER

1.  Regarding Paragraph 1, no allegations are made against De la Torre. If, however, such an allegation is deemed to be asserted, De la Torre denies same.

2.  De la Torre admit the allegations in Paragraphs 2 of the Complaint.

3.  Answering Paragraph 3, De la Torre denies the allegations.

4.  Answering Paragraphs 4 and 5, De la Torre admits only that Plaintiff has alleged certain events occurred in Maricopa County, Arizona.

5.  De la Torre lacks sufficient knowledge and/or information to admit or deny the allegations contained in Paragraph 6 and, therefore, denies those allegations.

**GENERAL ALLEGATIONS**

6. De la Torre admits the allegations in Paragraphs 7 through 10 of the Complaint.

7. Answering Paragraph 11, De la Torre affirmatively alleges that he proceeded into the intersection after coming to a complete stop as required by law. De la Torre admits that Plaintiff was "rapidly approaching" the subject intersection but denies all other allegations in Paragraph 11.

8. De la Torre denies the allegations in Paragraph 12 of the Complaint.

9. De la Torre admits the allegations in Paragraph 13 of the Complaint.

10. De la Torre lacks sufficient knowledge and/or information to admit or deny the allegations contained in Paragraphs 14 through 16 and, therefore, denies those allegations and demands strict proof thereof.

**COUNT I – NEGLIGENCE**

11. Regarding Paragraph 17, De la Torre repeats and re-alleges their answers to each and every preceding Paragraph as though fully set forth herein.

12. Answering Paragraph 18, De la Torre admits the existence of certain duties imposed by law but deny any violation thereof.

13. De la Torre denies the allegations in Paragraphs 19 through 21 of the Complaint.

**COUNT II – NEGLIGENCE PER SE**

14. Regarding Paragraph 22, De la Torre repeats and re-alleges their answers to each and every preceding Paragraph as though fully set forth herein.

15. De la Torre is unable to admit or deny the allegations contained in Paragraphs 23 through 26 of the Complaint as those allegations appear to be a mix of factual allegations and legal conclusions.

16. De la Torre denies the allegations in Paragraphs 27 and 28 of the Complaint.

**JURY TRIAL DEMAND**

17. Answering Paragraph 29, De la Torre also demands a jury trial on all issues in

1 this matter.

2 WHEREFORE, having fully answered Plaintiff's Complaint, De la Torre requests
3 that the Court enter judgment in their favor, denying Plaintiff's requested relief, dismissing
4 Plaintiff's claims in their entirety, and awarding Answering Defendants such other and
5 further relief and the Court deems just.

## AFFIRMATIVE DEFENSES

7 De la Torre has not yet had the full opportunity to conduct a reasonable inquiry of the
8 facts underlying this lawsuit, but based upon their current knowledge, information, and
9 belief—and without admitting that they have the burden of proof or production—De la Torre
10 asserts the following affirmative defenses, some or all of which may ultimately be supported
11 by the facts to be revealed in discovery in this case:

12 1. Plaintiff's claims are barred because De la Torre did, at all material times with
13 respect to Plaintiffs, comply fully with their obligations under all applicable laws.

14 2. The Complaint and each cause of action therein fails to state a claim upon
15 which relief can be granted against De la Torre pursuant to Federal Rule of Civil Procedure
16 12(b)(6).

17 3. Plaintiff's claims are barred by applicable statutes of limitation, repose,
18 waiver, and by the doctrines of laches, res judicata, collateral estoppel, law of the case, claim
19 splitting, claim preclusion, and issue preclusion.

20 4. Plaintiff's Complaint fails to join indispensable parties necessary for the just
21 adjudication of this matter.

22 5. If Plaintiff sustained any injury or damage, then the same was caused solely
23 by the negligence and/or conduct of persons, firms and/or corporations other than De la
24 Torre. De la Torre cannot be held liable for the acts and/or omissions of such persons, firms
25 and/or corporations.

26 6. Plaintiff's claims are barred because the alleged damages resulted from their
27 own actions or inactions and therefore De la Torre were not the proximate or substantial
28 cause of the alleged damages.

7. Plaintiff cannot prove De la Torre was negligent and cannot show a causal relationship between De la Torre's alleged negligence and Plaintiff's alleged harm.

8. Any harm suffered by Plaintiff was not caused by any act or omission of De la Torre.

9. Any harm suffered by Plaintiff was caused by Plaintiff's own acts or omissions or the acts or omissions of non-parties over which De la Torre has no control or authority.

10. Plaintiff's claims are barred because he has not suffered any actual injury or incurred any damages.

11. Plaintiff has failed to mitigate their damages, if any.

12. Plaintiff's claims are barred in whole or in part by any comparative negligence of Plaintiff and/or others such that the comparative fault of Plaintiff and/or others eliminates and/or reduces the alleged fault of De la Torre to zero.

13. Plaintiff's alleged damages, if any, must be apportioned among all parties at fault, including Plaintiff and non-parties, pursuant to A.R.S. §§ 12-2501, *et seq.*

14. The alleged injuries sustained by Plaintiff, if any, were caused, in whole or in part, by operation of nature, pre-existing or subsequent physical, medical, and/or physiological conditions or idiosyncratic reaction, for which De la Torre has no legal responsibility.

15. Other defenses, both affirmative and otherwise may arise through the course of discovery and investigation. De la Torre therefore reserves the right to raise any of the defenses contemplated by Federal Rule of Civil Procedure 8(c) and any other applicable affirmative defenses as discovery and investigation reveal are appropriate.

Dated: June 2, 2025                     CLYDE & CO US LLP

                                        By: */s/ Kira N. Barrett*
                                            Kira N. Barrett
                                            J. William VanDehei
                                            *Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 2, 2025, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all of the registered CM/ECF registrants on this matter. Copies also were emailed to:

Robert T. Mills
Sean A. Woods
**MILLS + WOODS LAW, PLLC**
5055 North 12th Street, Suite 101
Phoenix, Arizona 85014
swoods@millsandwoods.com
docket@millsandwoods.com
*Attorneys for Plaintiffs*


By: */s/ Joslin Vega*